# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:03-CR-164-N |
| | ) | No. 3:06-CV-1830-N (BH) |
| ROY LEE BROWN, | ) | ECF |
| ID # 30753-177, | ) | |
| | ) | |
| Movant/Defendant. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (the government).

### B. Procedural History

As a result of his plea of guilty to a two-count information, defendant Brown was adjudged guilty of securities fraud, in violation of 15 U.S.C. § 77q(a) and 77(x) (Count 1), and bank fraud, in violation of 18 U.S.C. § 1344 (Count 2). He was sentenced to 136 months' imprisonment on Count 1 and 60 months on Count 2, to be served concurrently. Brown timely filed a notice of appeal, but the appeal was dismissed as "barred by the plain language of Brown's knowing and

voluntary appeal waiver in the plea agreement."[1]  His petition for writ of certiorari was denied on March 6, 2006.[2]  The instant motion under 28 U.S.C. § 2255 was timely filed on October 5, 2006.

Brown raises the following grounds:[3]  (1) his guilty plea was not knowing and voluntary because counsel provided ineffective assistance by telling him that he would only receive a two or three year sentence and not advising him of the potential enhancements to his sentence under the guidelines; and (2) counsel provided ineffective assistance in (a) allowing him to waive indictment; (b) failing to act as the advocate required under the Fifth and Sixth Amendments; and (c) failing to file any motions on his behalf.  The government filed a response to the motion.  Brown has recently filed two other ancillary motions.

## I. MOTION FOR RELEASE PENDING REVIEW

Brown has filed a motion for release pending review of his motion to vacate.  Brown identifies, and research reveals, no statutory authority for release pending a § 2255 motion.  In cases discussing release pending determination of a habeas corpus petition, a prisoner was required to show a high probability of success on the merits of a substantial constitutional claim, or existence of extraordinary and exceptional circumstances making the grant of bail necessary for an effective habeas remedy.[4]  Because nothing in Brown's motion supports these standards, and his claims have no merit, his motion for release is hereby **DENIED.**

---

[1] *United States v. Roy L. Brown,* No. 03-11196, (5th Cir. September 27, 2005, Order Dismissing Appeal).

[2] *Brown v. United States,* 547 U.S. 1004 (March 6, 2006).

[3] Brown asserts grounds for relief in both the form motion and in his memorandum in support.

[4] *See Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir. 1974); *see also Gomez v. United States,* 899 F.2d 1124, 1125 (11th Cir. 1990).

## II. MOTION TO SUPPLEMENT/STATUTE OF LIMITATIONS

Brown's § 2255 motion was timely filed within one year of March 6, 2006, the date his conviction became final as a result of the denial of his petition for writ of certiorari. Brown has since filed a motion for leave of Court to supplement his § 2255 motion with a claim that counsel was ineffective in failing to investigate whether he was subject to two additional criminal history points under USSG 4A1.1(d). That motion was filed on January 7, 2008, beyond the applicable time limitation under 28 U.S.C. 2255(f)(1).

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings, and the law is clear that Rule 15 applies to amendments of § 2255 motions.[5] Rule 15(c)(1)(B) provides that an amendment to a pleading "relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."[6] Although "an amendment offered for the purpose of adding to or amplifying the facts already alleged in support of a particular claim may relate back, one that attempts to introduce a new legal theory based on facts different from those underlying the timely claims may not."[7] "A prisoner should not be able to assert a claim otherwise barred by the statute

---

[5]*See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002)("Every circuit that has addressed this issue agrees the [AEDPA's] one year statute of limitations does not render Rule 15 inapplicable to federal habeas proceedings.")(citations omitted).

[6]FED R. CIV. P. 15(c)(1)(B).

[7]*United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002) (citations omitted); *see generally Mayle v. Felix,* 545 U.S. 644, 650 (2005)(holding in similar context of Rule 15 and an amendment to a state petition for writ of habeas corpus: "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.")

of limitations merely because he asserted a separate claim within the limitations period."[8] This Court has recognized that claims do not relate back merely because they arose from the same trial or sentencing proceeding.[9]

In the original motion, Brown alleged generally that his counsel was ineffective for failing to act as his advocate, to investigate, and to file motions. In his supplemental ineffective-assistance claim, Brown contends that his counsel failed to object to the addition of two points to his criminal history computation under USSG § 4A1.1(d). Because Brown's initial allegations are so general, his proposed supplemental claim could be construed to arise out of the same conduct complained of in the original bases for relief under § 2255, and therefore to relate back under Rule 15(c). Brown's motion for leave to supplement is hereby **GRANTED**.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

The now-familiar two-pronged standard for review of claims of ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984): "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."[10] This same test applies to challenges to guilty pleas based

---

[8]*United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999).

[9]*See Hanna v. United States,* Nos. 3:01-CV-2197-H, 3:99-CR-085-H, 2003 WL 203177, at *1 (N.D.Tex. Jan.27, 2003)(finding movant's new claim of ineffective assistance of counsel did not relate back to her original pleading); *Olivares-Martinez v. United States*, Nos. 3:01-CV-1413-P, 00-CR-0312-P, unpub. op. (N.D.Tex. Nov. 26, 2002).

[10]*Strickland,* 466 U.S. at 687.

upon ineffective assistance of counsel.[11]

In order to show the deficiency component, the burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[12] A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[13] There is a strong presumption that the performance of counsel falls within this range.[14] In order to prove prejudice in the plea process, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[15]

## A. Voluntariness of Plea

Because a guilty plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"[16] Ordinarily, a waiver is entered knowingly, intelligently,

---

[11] *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

[12] *Strickland,* 466 U.S. at 690.

[13] *Id., Hill,* 474 U.S. at 57-58, *citing Tollet v. Henderson,* 411 U.S. 258 ((1973) and *McMann v. Richardson,* 397 U.S. 759 (1970).

[14] *United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[15] *Hill,* 474 U.S. at 59.

[16] *United States v. Ruiz,* 536 U.S. 622, 629 (quoting *Brady v. United States,* 397 U.S. 742, 748 (1970)).

and with sufficient awareness, when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances–even though the defendant may not know the specific detailed consequences of invoking it."[17]  With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[18]  "[A] defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur."[19]

A guilty plea may be invalid if induced by a defense counsel's unkept promises.[20]  Ordinarily, however, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."[21]  "Solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[22]  Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."[23]

---

[17]*Id.* at 630.

[18]*Id.*

[19]*United States v. Hernandez,* 234 F.3d 252, 255 (5th Cir. 2000).

[20]*United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989).

[21]*United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985) (quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979).

[22]*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

[23]*See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

Brown contends that counsel failed to advise him that he could receive sentence enhancements and told him that his term of imprisonment would be only two or three years. He alleges that had he known he could receive enhancements, he would not have pleaded guilty and would have insisted on going to trial.[24] These claims are directly refuted by Brown's testimony and the documents signed by him. Both Brown and his counsel signed a plea agreement, a factual resume, and a document listing the elements of the offenses. (Docket nos. 3, 4, and 5.) The plea agreement included an express declaration that the "plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement." (Plea Agreement at 5, ¶ 11.) Brown expressly agreed that he waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses in his defense, and against self incrimination. (Plea Agreement at 1, ¶¶ 1-2.) He also expressly agreed to waive his right to appeal and to challenge his conviction in any collateral proceeding except on limited grounds, including claims of ineffective assistance of counsel. (Plea Agreement at 4-5, ¶¶ 8-9.) The plea agreement listed the fact that Brown faced a statutory maximum penalty on the bank fraud count of not more than 30 years' imprisonment. (Plea Agreement at 2, ¶ 4.) Brown agreed that "[t]here have been no representations or promises from anyone as to what sentence the Court will impose." (Plea Agreement at 5-6, ¶ 11.)

Within a few days of signing these documents, at the rearraignment hearing, Brown pleaded guilty to the two-count information. (May 28, 2003, Rearraignment Transcript at 23.) He testified that he entered the plea agreement voluntarily, of his own free will, and without any other promises

---

[24]These allegations are included in Brown's memorandum in support of his motion, which was not sworn to or otherwise verified.

or assurances. (May 28, 2003, Tr. at 20.) Brown also acknowledged having signed and agreed to the 15 page factual resume, and that the facts recited therein were true and correct (May 28, 2003, Tr. at 24.) That document includes details about Brown's fraud on investors and a listing of the amounts lost and persons and entities harmed. (May 20, 2003, Factual Resume.) During the rearraignment, the prosecutor read the maximum penalties that Brown would face if he pleaded guilty, including a statutory maximum penalty of not more than 30 years. (May 28, 2003, Tr. at 21-22.) Brown acknowledged that he understood that if his sentence was more severe than he expected, he would still be bound by his plea of guilty and would have no right to withdraw it. (May 28, 2003, Tr. at 22.) Brown also testified that he had discussed the case and the charges against him with his attorney, and "[was] fully satisfied with the advice [he] received and [counsel's] representation."(May 28, 2003, Tr. at 23.) His plea of guilty was found to be knowing and voluntary, and this Court recommended that the District Court accept it. (May 28, 2003, Tr. at 24.)

After review of the record, Brown has not made any sufficient showing that counsel was deficient with regard to his entry of the plea agreement and waiver of her rights. He fails to show why the Court should not afford "great evidentiary weight" to the documents he agreed to, and afford the "strong presumption of verity" to his prior sworn testimony that he understood the waiver of his constitutional rights, and entered his guilty plea knowingly and voluntarily. The Court should find that Brown has not shown that counsel was ineffective on this first claim, and that his plea was knowing and voluntary.

## B. Waiver of Indictment

Brown claims that counsel was ineffective in allowing him to waive his right to be charged by indictment. This claim, too, is refuted by the record. Brown and his counsel signed a waiver of

indictment, by which he expressly agreed that "being advised of the nature of the charges and of his rights hereby waives in open court prosecution by indictment and consents that the proceeding may be by information instead of by indictment." (Docket no. 10, May 28, 2003, Waiver of Indictment.) He was admonished by this Court of the function of the grand jury and his right to be so charged, but he acknowledged that he had discussed with his counsel and understood the right to waive indictment by a grand jury. (May 28, 2003, Tr. at 16.) He also acknowledged signing and agreeing to the written waiver of indictment in open court. (May 28, 2003, Tr. at 18.) Brown has shown nothing to question or refute this record that he knowingly and voluntarily waived his right to indictment. His claim of ineffective assistance on this basis should be denied.

## C. Failing to Advocate and Investigate/Failing to File Motions

Brown also argues that counsel failed to act as a sufficient advocate such that prejudice should be presumed under *United States v. Cronic,* 466 U.S. 648 (1984).[25] For this exception to the *Strickland* test to apply, and prejudice presumed, the attorney must have entirely failed to challenge the prosecution's case, not just individual elements of it.[26] Brown attempts to support this allegation by claiming that counsel failed to investigate. But allegations of counsel's failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.[27] In his motion and memorandum in support, Brown fails to specify what counsel should have investigated, what any investigation would have revealed, or how the outcome

---

[25]The Court in *Cronic,* listed three scenarios where prejudice could be presumed, but the only one applicable here is counsel's complete failure to challenge the state's case. *Cronic,* 466 U.S. at 659-662.

[26]*See Bell v. Cone,* 535 U.S. 685, 697 (2002); *see Cronic,* 466 U.S. at 659 (counsel must "entirely fail to subject the prosecution's case to meaningful adversarial testing").

[27] *See Lockett v. Anderson,* 230 F.3d 695, 713 (5th Cir. 2000).

of his case would have been different. As such claim is conclusory, it is insufficient.[28] Brown also alleges counsel failed to file motions on his behalf. But this claim is factually inaccurate, as counsel filed a motion for extension of time to file objections to the PSR, a motion for downward departure, and a motion to continue the sentencing hearing. (Docket nos. 15, 19, and 20.) Thus, Brown's claim that counsel's actions were so inadequate that he failed to subject the prosecution's case to meaningful testing is without merit, and should be denied.

As to Brown's supplemental claim that counsel was ineffective for failing to challenge the computation in the presentence report that he was subject to two additional criminal history points under USSG 4A1.1(d), any objection on this basis would have been overruled because he committed the offense of conviction while under a sentence of probation. Section 4A1.1(d) of the then applicable guidelines provides that two points should be added to the criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Count 1 and Count 2 of the Information, to which Brown pleaded guilty, each expressly noted that the securities fraud and bank fraud began "as early as May 1999." (May 28, 2003, Tr. at 14-15.) The presentence report noted that Brown's probation for reckless driving in case number 97-2116-1 before the County Court at Law No. 1 of Williamson County, Texas, did not expire until November 4, 1999. (PSR at ¶ 51.) Thus, Brown was properly assessed the additional two points, and any objection by counsel would have been frivolous, and thus could not constitute ineffective assistance of counsel.[29] The

---

[28]See *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding") (citations omitted).

[29]*See Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994.)

Court should deny Brown supplemental ineffective assistance claim.

## III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A defendant bringing a claim under § 2255 that conflicts with his sworn testimony must provide "specific factual allegations" regarding the alleged violation of his constitutional rights, and these allegations must be corroborated before a hearing will be required.[30] Brown did not provide any independent support for his own unsworn allegations. Thus, he is not entitled to a hearing.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255, as supplemented.

**SIGNED** this 29th day of July, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[30]*See e.g. United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (requiring a defendant to provide independent indicia of the likely merit of his allegations, such as affidavits from third parties) (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989)); *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985) (same) (citations omitted).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE